ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 22 2006

JAMES N. HATTEN, Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

TED'S MONTANA GRILL, INC.

Defendant

CIVIL ACTION NO.

1:06-CV-2292

COMPLAINT

JURY TRIAL DEMAND

NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act of 1967 to correct unlawful employment practices on the basis of age and to provide appropriate relief to Odolph Wright who was adversely affected by such practices.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. Section 621, et seq. (the "ADEA"), which incorporates by reference

Sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C Sections 216(c) and 217.

2 The employment practices alleged to be unlawful were committed within the jurisdiction of the United States for the Northern District of Georgia, Atlanta Division

PARTIES

3 Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA, and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. Section 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat 2705.

4 At all relevant times, Defendant, Ted's Montana Grill, has continuously been a Georgia corporation doing business in the State of Georgia and has continuously had at least 20 employees.

5. At all relevant times, Defendant, Ted's Montana Grill has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U S.C §§ 630(b), (g) and (h).

6 At all relevant times, Defendant has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U S.C. § 630(b)

7 Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U S C § 626(b)

STATEMENT OF CLAIMS

8 More than thirty days prior to the institution of this lawsuit, Wright filed a charge with the Commission alleging violations of the ADEA by Ted's Montana Grill All conditions precedent to the institution of this lawsuit have been fulfilled

9. Since at least December 26, 2003, the Defendant, Ted's Montana Grill, has engaged in unlawful employment practices at its facility located in Newnan, Georgia, in violation of Section 623(a)(1) of the ADEA, 29 U S.C. § 623(a)(1)

10 On December 26, 2003, Odolph Wright applied for a server position at Defendant's Newnan, Georgia location Wright was 62 years old at the time of his application Wright had 30 years experience in the restaurant industry, including extensive experience as a server. Wright was interviewed by Defendant's managers, on the same day he completed the application for employment. Defendant's managers told Wright to return to the store for a second interview

11. On December 31, 2003, Wright returned to the store and was interviewed for a second time, but by a different manager Wright was not hired for the server

position. Defendant's managers told Wright that he would not fit into its restaurant's environment.

12 During the week of January 2004, Wright learned that Defendant hired several persons as servers who also applied in December 2003 All of the persons hired were younger than Wright

13 The effect of the practices complained of in paragraph(s) 10 through 12 above has been to deprive Wright of equal employment opportunities and otherwise adversely affect his employment status because of his age

14 The unlawful employment practices complained of above were willful within the meaning of the ADEA.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court.

A Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in and any other employment practice which discriminates on the basis of age

B Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment

practices

C Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for applicants 40 years of age and older

D Order Defendant to pay appropriate back pay in an amount to be determined at trial, and prejudgment interest

E Order Defendant to pay liquidated damages in an amount equal to the back pay determined at trial.

F Grant such further relief as the Court deems necessary and proper in the public interest

G Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

Ronald S Cooper
General Counsel

James L Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

9/22/2006
Date

Robert K Dawkins (MI Bar No. P38289)
Regional Attorney

Pamela Alfred-George
Senior Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Atlanta District Office
100 Alabama Street Suite R430
Tel No. (404) 562-6818